IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH A. COOK, | § | |
| | § | |
| Defendant Below, | § | No. 499, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. s1805005509 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 17, 2019
Decided: February 25, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Joseph Cook, appeals from the Superior Court's order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Cook's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that Cook pleaded guilty on June 12, 2018 to Disregarding a Police Officer's signal in violation of 21 *Del. C.* § 4103, which is a Class G felony. In exchange for this plea, the State dismissed many additional

charges. The Superior Court sentenced him to two years' incarceration suspended after 60 days for Level III probation.

(3) On August 3, 2018, Cook was arrested on charges of misdemeanor criminal mischief for damage that he caused to his residence in connection with a domestic dispute. At a violation of probation hearing before the Superior Court on August 30, 2018, Cook, through his counsel, admitted that the arrest constituted a violation of probation and suggested that the Court impose a sentence of two years of Level V incarceration, suspended for one year of Level III probation with Treatment Access Center ("TASC") and Transdermal Alcohol Detector ("TAD") monitoring. The Superior Court found that Cook violated his probation and resentenced him to twenty-one months of Level V incarceration, suspended for one year at Level III probation. The sentence included the conditions that Cook be monitored by TASC and successfully complete a residential or outpatient drug and alcohol treatment program as deemed appropriate by TASC, and that he be subject to TAD monitoring or periodic breath or urine analysis. Cook was to be held at Level V until Level III TAD monitoring was available.[1]

(4) Cook raises two issues on appeal. He contends that the probation officer who attended the VOP hearing was not his supervising officer and that the

---

[1] The record reflects that Cook was released on Level III with TAD monitoring on September 25, 2018.

appearing officer incorrectly told the judge that Cook had been involved in multiple incidents involving alcohol. He also argues that the Superior Court erroneously sentenced Cook under the sentencing guidelines established in 21 *Del. C.* § 4177(d)(9) for repeat offenders of the prohibition on driving while under the influence of alcohol or drugs. He contends that the conditions of his sentence requiring TASC and TAD monitoring should be removed.

(5) After careful consideration, we find no merit to Cook's appeal. Cook appeared at the VOP hearing represented by counsel. He admitted that he had violated probation. The Superior Court found him in violation based on that admission. Cook's admission to violating probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.[2] There is nothing in the record to substantiate Cook's claim that the probation officer offered false testimony.[3] Indeed, the record reflects that the report prepared by Cook's supervising officer identified serious concerns about Cook's alcohol use and recommended TASC treatment and monitoring and TAD monitoring. And at the VOP hearing when the Superior Court asked Cook whether he wanted to say anything before he was sentenced, Cook said that he wanted to "live a sober life."[4]

---

[2] *Lougheed v. State*, 2016 WL 5899238 (Del. Oct. 10, 2016).
[3] *Id.*
[4] Tr. of VOP Hearing, Aug. 30, 2018, at 3-4.

3

(6)     On appeal, our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[5]  In sentencing a defendant for a VOP, the trial court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6]  In this case, the Superior Court accounted for the time Cook had already served and sentenced Cook to twenty-one months of Level V incarceration instead of the two years of incarceration to which he was sentenced for his original conviction.  The Court suspended the remainder of that sentence for probation with TASC and TAD monitoring.  This sentence did not exceed the balance of the Level V time remaining to be served on Cook's sentence.  Moreover, the TASC and TAD conditions were consistent with the sentence that Cook's counsel suggested at the VOP hearing would be appropriate.

(7)     Finally, the Superior Court entered a corrected sentence order on November 8, 2018, removing the citation to 21 *Del. C.* § 4177(d)(9) and clarifying that the TAD monitoring was not ordered under that statute.  Thus, we conclude that any error arising from the Court's reference to 21 *Del. C.* § 4177(d)(9) has been

---

[5] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[6] 11 *Del. C.* § 4334(c).

4

corrected. The Superior Court acted within its sentencing discretion when imposing the TASC and TAD conditions.[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.
Chief Justice

---

[7] *See* 11 *Del. C.* § 4334(c) (upon a finding of a violation of probation, the court "may impose any sentence which might originally have been imposed"); 11 *Del. C.* § 4204(m) ("As a condition of any sentence, and regardless of whether such sentence includes a period of probation or suspension of sentence, the court may order the offender to engage in a specified act or acts, or to refrain from engaging in a specified act or acts, as deemed necessary by the court to ensure the public peace, the safety of the victim or the public, the rehabilitation of the offender, the satisfaction of the offender's restitution obligation to the victim or the offender's financial obligations to the State, or for any other purpose consistent with the interests of justice.").